Defs. request this Court issue Plf. an order to show cause why Plf's IFP status should not be revoked pursuant to the IFP statute's three-strikes provision. This Court considers Defs' request premature at this early stage in the litigation. Accordingly, Defs' request is DENIED without prejudice to refile at a later date. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 12. The Clerk of Court is further directed to mail a copy of this Endorsement to pro se Plf. at his address listed on ECF and to show service on the docket.

SO ORDERED:

Dated: December 29, 2022
White Plains, NY

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/29/2022

---

**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF REGIONAL OFFICES
WESTCHESTER REGIONAL OFFICE

**MEMO ENDORSED**

December 13, 2022

**Via Facsimile (914) 390-4179**
Hon. Nelson S. Román, U.S.D.J.
U.S. District Court, S.D.N.Y.
300 Quarropas Street, Room 275
White Plains, New York 10601

Re: *Jude v. New York State Office of Mental Health*, No. 22-CV-07441 (NSR)
Response to *Valentin* Order and Request that Plaintiff Be Directed to Show Cause Why His *In Forma Pauperis* Status Should Not Be Revoked

Dear Judge Román:

I write, on behalf of the New York State Office of Mental Health, New York State Department of Corrections and Community Supervision, Sullivan, Dill, Savage, Annucci, Hilton, McKoy, Bennett, Jordan, and Moores (collectively, "Represented Defendants"), with two purposes.

*First*, in accordance with the Court's *Valentin* Order, I write to provide the name and service address of the individual identified in the Complaint as "Morrow." (*See* Doc. 7 at 2-3). Based upon the information available to this office, it appears Plaintiff intends to proceed against Commissioner's Hearing Officer Virginia Morrow. CHO Morrow may be served at the following address:

New York State Dep't of Corrs. and Cmty. Supervision
Office of Counsel
The Harriman State Campus, Building 4
1120 Washington Avenue
Albany, New York 12226

*Second*, although Represented Defendants' time to respond to the Complaint does not expire for approximately 60 days—and Plaintiff, having been provided with CHO Morrow's name and service address, must now file and serve an Amended Complaint in any event—they request that Plaintiff be directed to show cause as to why his *in forma pauperis* ("IFP") status should not be revoked.[1] The basis for this request is straightforward.

---

[1] Every Represented Defendant provided an executed Statement of Service by Mail and Acknowledgment of Receipt by Mail of Summons and Complaint to the U.S. Marshals Service by e-mail on December 9, 2022. Their time to respond to the Complaint has, therefore, been extended to and including February 7, 2023.

44 SOUTH BROADWAY, WHITE PLAINS, NY 10601 • PHONE (914) 422-8755 • FAX (914) 422-8706 • WWW.AG.NY.GOV

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), governs this suit. Congress enacted the PLRA "with the principal purpose of deterring frivolous prisoner lawsuits and appeals." *Tafari v. Hues*, 473 F.3d 440, 443 (2d. Cir. 2007). Bearing this goal in mind, the PLRA instructs, in pertinent part, as follows:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained ... brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This "three-strikes" rule "forc[es incarcerated individuals] to go through the same thought process non-inmates go through before filing a suit, i.e., is filing this suit worth the costs?" *Tafari*, 473 F.3d at 443 (quoting *Rodriguez v. Cook*, 169 F.3d 1176, 1181 (9th Cir. 1999)).

Plaintiff, in light of the following decisions, can no longer proceed IFP as a matter of course:

1. *Jude v. City of New York*, No. 17-CV-08735 (S.D.N.Y.): Judge Stanton, in an August 27, 2018 Order of Dismissal, dismissed that action under "28 U.S.C. § 1915(e)(2)(B)(ii) because the doctrine of *res judicata* bar[red] his claims." (Ex. A at 9);

2. *Jude v. City of New York*, No. 17-CV-05893 (S.D.N.Y.): Judge McMahon, in a September 8, 2017 Order of Dismissal, dismissed that action under "28 U.S.C. § 1915(e)(2)(B)(ii) because claim preclusion bar[red] his claims." (Ex. B at 6); and

3. *Jude v. New York State*, No. 07-CV-05890 (S.D.N.Y.): then-District Judge Sullivan, in a March 30, 2009 Memorandum and Order, dismissed that action, concluding that "with respect to all of his claims, Plaintiff ... failed to state a ... claim upon which relief can be granted." (Ex. C at 12).[2]

While the question of Plaintiff's IFP status may be raised in motion practice at a later stage, addressing the issue now will best serve the twin goals of preserving judicial resources and effective case management. Plaintiff—who is presently incarcerated at Five Points Correctional Facility in Seneca County (i.e., the Western District of New York)—should, therefore, be directed to show cause why his IFP status should not be revoked (i.e., how the statutory exception applies to this case) before the Court, Represented Defendants, or any other individual or entity expends any additional resources on this matter.

Respectfully submitted,

*George P. Burns, Jr.*
George P. Burns, Jr.
Assistant Attorney General
(914) 422-8765
George.Burns@ag.ny.gov

cc:   Plaintiff, *pro se* (via First Class Mail)

---

[2] Each decision quoted is, for the Court's convenience, annexed hereto.