UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

STEVEN JUDE,

                     Plaintiff,

-against-

NEW YORK STATE OFFICE OF MENTAL HEALTH et al.,

                     Defendants.

---------------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/01/2024

No. 22-cv-7441 (NSR)

ORDER GRANTING REQUEST FOR PRO BONO COUNSEL

NELSON S. ROMÁN, United States District Judge:

Plaintiff Steven Jude ("Plaintiff"), a *pro se* litigant, who is currently incarcerated at Five Points Correctional Facility, commenced this action on August 30, 2022, asserting various claims against the New York State Office of Mental Health, New York State Department of Corrections and Community Supervision, and employees thereof, arising chiefly from allegedly unconstitutional conditions of confinement he suffered while incarcerated at Sullivan Correctional Facility. Plaintiff alleges that he was discriminated against because of his sensorial, physical, and mental disabilities. (ECF No. 2.) Plaintiff filed an Amended Complaint on January 13, 2023. (ECF No. 28.)

Until recently, Plaintiff was represented by counsel, Andrew J. Spinnell. On February 28, 2024, the Court relieved Spinnell from further representing Plaintiff following Spinnell's informing the Court that Plaintiff had discharged him. (ECF No. 79.) Following his discharge, Spinnell submitted a letter requesting that the Court appoint an attorney for the Plaintiff. (ECF No. 81.) Spinnell also requested that the Court stay this matter until a new attorney is found for Plaintiff. The Court has subsequently stayed the case until May 6, 2024. (ECF No. 83.)

**LEGAL STANDARD**

Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to

represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's pro bono

The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60 – 61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.* In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion.

2

*See Hendricks*, 114 F.3d at 392–93. Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

As an initial matter, the Court has determined, based on a review of Plaintiff's IFP application, (ECF No. 1), that Plaintiff qualifies as indigent. Therefore, Plaintiff has satisfied the first *Hodge* factor. The Court similarly finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application.

To date, Plaintiff has a number of surviving claims, including claims for violations of the Eighth and Fourteenth Amendments, as well as the Americans with Disabilities Act of 1990. Defendants have filed a Motion to Dismiss Plaintiff's Amended Complaint, (ECF No. 65), while Plaintiff has filed a motion to amend his Amended Complaint (ECF No. 68). Plaintiff's present ability to further pursue his claims, however, is limited due to his stated medical needs, including the fact that he is on 24-hour suicide watch (and has been for months now) and cannot receive legal mail. The appointment of counsel in this matter would therefore "lead to a quicker and more just result by sharpening the issues." *Hodge*, 802 F.2d at 61. Accordingly, the Court GRANTS Plaintiff's application for the Court to request *pro bono* counsel.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for pro bono counsel is GRANTED. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Plaintiff should be prepared to

proceed with the case *pro se*. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not. The Court directs the Clerk of Court to mail a copy of this endorsement to *pro se* Plaintiff at Plaintiff's address listed on ECF and to show service on the docket.

Dated: April 1, 2024  
White Plains, New York

SO ORDERED

_____  
NELSON S. ROMÁN  
United States District Judge